Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
jason@treasurevalleylawyers.com
Idaho State Bar No. 5441

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **Isaac Hearne, M.D.,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**Welch & Allen, M.D., P.A., an Idaho corporation/professional association, Dr. Robert C. Welch, M.D., Dr. Scott E. Allan, M.D., and John/Jane Does I through V, whose true identities are unknown,**<br><br>**Defendants** | **Case No. CV05-236-S-EJL**<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT** |

**INTRODUCTION**

In their *Motion for a More Definite Statement* (Docket No. 7), Defendants have moved this Court, pursuant to F.R.C.P. 12(e), to order that Plaintiff provide a more definite statement of his claims than that which is contained in the *Complaint* (Docket No. 1) that has been filed in this matter. The instant motion should be denied for three reasons: 1.) Plaintiff has met the notice pleading requirements of F.R.C.P. 8(a), 2.) the operative complaint in this matter is clearly not unintelligible, and thus F.R.C.P. 12(e)

does not provide a remedy to Defendants, and 3.) motions pursuant to F.R.C.P. 12(e) are not favored and cannot be used as a substitute for discovery.

## ARGUMENTS AND AUTHORITIES

### I. Plaintiff's Complaint Complies with the Notice Pleading Requirements of the Federal Rules of Civil Procedure, and the Court Should therefore Deny the Instant Motion.

F.R.C.P. 8(a) states:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and that claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The complaint in this matter clearly meets these notice pleading requirements.

Defendants have not suggested that Plaintiff must meet the heightened pleading requirements of F.R.C.P. 9(b), nor could they reasonably do so. The instant action asserts claims for employment retaliation in violation of both the Idaho Human Rights Act, I.C. §67-5901, *et seq.*, and the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, *et seq.*, the intentional infliction of emotional distress, and the negligent infliction of emotional distress; none of these claims need be asserted with any greater particularity than that required under F.R.C.P. 8(a). Additionally, F.R.C.P. 8(e) states, "Each averment of a pleading shall be simple, direct, and concise." Plaintiff has made allegations that meet this directive.

Paragraph I of the operative complaint in this action clearly sets for the jurisdictional basis for the case. Paragraphs II though XXV thereafter set forth the short and plain statement of the claim that demonstrates why Plaintiff is entitled to relief, as required under F.R.C.P. 8(a). Finally, Plaintiff's *Complaint* (Docket No. 1), on page seven, makes a demand for the judgment which Plaintiff seeks in the instant action. In short, the operative complaint clearly meets the notice pleading requirements of F.R.C.P. 8(a).

Defendants assert that, "Such allegations [as in Plaintiff's Complaint] are wholly insufficient to state causes of action for either sexual harassment or retaliation," *Motion for More Definite* (Docket No. 7) at 2. This statement is erroneous given the procedural guidelines that apply in this case; Plaintiff has properly pled the four causes of action he has asserted. Moreover, Plaintiff has to primarily guess at what Defendants are claiming to be deficient in the pleading and ascertain the true substance of the instant motion, as the basis for the motion is only contained on the face of the motion. Defendants have failed to file the required memorandum of law pursuant to D.Id.L.Civ.R. 7.1(b)(1). In turn, Plaintiff is somewhat unclear as to what precisely is Defendants' concern with his pleading efforts.

Defendants contend that, "It is not clear when such alleged comments occurred, whether they occurred on more than one occasion or whether he reported said comments on more that one occasion. Furthermore, Plaintiff fails to describe the alleged retaliation he suffered as a result of reporting the purported sexual harassment." *Motion for More Definite* (Docket No. 7) at 2. Such information does not need to be included in the initial pleading. *Famolare, Inc. v Edison Bros. Stores, Inc.*, 525 F.Supp. 940 (E.D.Cal. 1981)

(holding that detailed allegations as to specific dates are not required under F.R.C.P. 8(e)). Detailed facts such as these are to be discerned through the discovery process. *Kellogg Co. v National Biscuit Co.*, 38 F.Supp. 643 (D.N.J. 1941); *Philadelphia Retail Jewelers Assoc. v L. & C. Mayers Co.*, 1 F.R.D. 606 (D.Pa. 1941); *Battin Amusement Co. v Cocalis Amusement Co.*, 1 F.R.D. 769 (D.N.J. 1941); *U.S. v Assoc. of American Railroads*, 4 FRD 510 (D.Neb. 1945). As such, the instant motion should be denied.

In the case *sub judice*, the operative complaint complies with the applicable, procedural rules. When a complaint complies with the applicable, procedural rules, including F.R.C.P. 8(a), then a motion for a more definite statement pursuant to F.R.C.P. 12(e) should be denied. *Bowles v Glick Bros. Lumber Co.*, 146 F.2d 566 (9th Cir. 1945), *cert. den.*, 325 U.S. 877, 89 L.Ed. 1994, 65 S.Ct. 1554 (1945), *reh. den.*, 326 U.S. 804, 90 L.Ed. 490, 66 S.Ct. 12 (1945); *Clyde v Broderick*, 144 F.2d 348 (10th Cir. 1944); *Lost Trail, Inc. v Allied Mills, Inc.*, 26 F.Supp. 98 (D.Ill. 1938). In view of great liberality of F.R.C.P. 8, which permits notice pleading, it is clearly the overarching policy of the Federal Rules of Civil Procedure that F.R.C.P. 12(e) should not be used to frustrate this policy by lightly requiring plaintiffs to amend their complaints which, under F.R.C.P. 8, are sufficient to withstand motions to dismiss. *Mitchell v E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959).

As long as Defendants are adequately informed of the claims against them, their motion for a more definite statement should be denied. *See, e.g., Thomas v Luzerne County Corr. Facility*, 310 F.Supp.2d 718 (M.D.Pa. 2004). Plaintiff submits that such is the case, and Defendants in the case at bar can answer the complaint, as it is presently filed. The Federal Rules of Civil Procedure do not require a claimant's complaint to set

out in detail the facts upon which he bases his claim; all that is required is a short and plain statement of the claim that will give a defendant fair notice of what plaintiff's claim is and grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As such, the instant motion should not provide the sought remedy to Defendants.

**II. F.R.C.P. 12(e) Seeks to Make More Definite those Pleadings that Are Unintelligible; as Such is Not the Situation in the Instant Case, Defendant's Motion Should Be Denied, and Discovery Should be Conducted.**

The purpose of F.R.C.P. 12(e) is to assure that opposing parties receive a simple and clear statement of their oppositions' positions. *Cromwell v Ward*, 425 F.Supp. 97 (W.D.N.Y. 1977). F.R.C.P. 12(e) is designed to strike at unintelligibility rather than want of detail. *Juneau Square Corp. v. First Wisconsin Nat'l Bank*, 60 F.R.D. 46 (E.D.Wis. 1973); *Stanton v Manufacturers Hanover Trust Co.*, 388 F.Supp. 1171 (S.D.N.Y. 1975). F.R.C.P. 12(e) is seeks to remedy unintelligibility and not to uncover evidentiary matter as a substitute for the discovery process. *U.S. v Metro Dev. Corp.*, 61 F.R.D. 83 (N.D.Ga. 1973). It is the unintelligibility of a pleading, not its want of details, that F.R.C.P. 12(e) addresses. *Nelson v Quimby Island Reclamation Dist. Facilities Corp.*, 491 F.Supp. 1364 (N.D.Cal. 1980); *Geir v Educational Service Unit No. 16*, 144 F.R.D. 680 (D.Neb. 1992); *Scarbrough v R-Way Furniture Co.*, 105 F.R.D. 90 (E.D.Wis. 1985) (holding that a motion under F.R.C.P. 12(e) should be denied, where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail); *Choat v Rome Industries, Inc.*, 480 F.Supp. 387 (N.D.Ga. 1979) (same holding).

In the case at bar, Defendants have not contended that the complaint is unintelligible in any way; they have merely asserted that there should be more details in the complaint. This simply is not a proper purpose for a motion under F.R.C.P. 12(e). *Id.* Discovery will provide those details. In turn, the instant motion should fail.

Plaintiff believes that his complaint, as it presently stands, is factually-detailed and contains sufficient information in its allegations to allow Defendants to prepare a response to this initial pleading. The additional details that Defendants may seek are details that are to be discerned through discovery. Rule 12(e) motions are not a substitute for discovery. *Innovative Digital Equipment, Inc. v Quantum Technology, Inc.*, 597 F.Supp. 983 (N.D.Ohio 1984). Thus the motion that Defendants have filed should not be granted, as that is the precise use to which they are putting the instant motion. This Court should deny the instant motion and order the conduct of discovery after a Litigation Plan has been determined.

**III. Rule 12(e) Motions are Disfavored, and Defendants are not Entitled to the Relief Sought, Given the Panoply of Discovery Procedures at their Disposal.**

Motions for more definite statements are not favored. *Cellars v Pacific Coast Packaging, Inc.*, 189 F.R.D. 575 (N.D.Cal. 1999); *Sopkin v Missouri Nat'l Life Ins. Co.*, (1963, WD Mo) 222 F.Supp. 984 (W.D.Mo. 1963); *U.S. v Metro Dev. Corp.*, (1973, ND Ga) 61 F.R.D. 83 (N.D.Ga. 1973). Because of the many discovery procedures presently available to litigants in federal courts, district judges should exercise their discretion sparingly in ordering more definite statements. *McSparran v H. J. Williams Co.*, 249 F.Supp. 84 (E.D.Pa. 1965). A motion for more definite statement, pursuant to F.R.C.P. 12(e), is not favored and is rarely granted in view of the availability of a variety of

pretrial discovery procedures; such motions should not be used as a substitute for the discovery and deposition procedures which made available by the Federal Rules of Civil Procedure. *Usery v International Brotherhood of Teamsters, et al.*, 72 F.R.D. 581 (W.D.Okla. 1976).

The relief sought by Defendants should not be granted. Notice pleading is the standard under which pleadings are scrutinized to determine their sufficiency. In the case at bar, Plaintiff has filled an intelligible complaint that provides ample detail from which Defendants can prepare their response to the complaint and initiate their defense in this action. Defendants, just as Plaintiff, are required to undertake discovery in good faith to ferret out the specific facts of this lawsuit. As such, and coupled with the fact Rule 12(e) motions are disfavored, this Court should deny the instant motion and order that discovery be undertaken after the Litigation Plan has been entered.

## CONCLUSION

Based on the foregoing arguments and authorities, Plaintiff respectfully requests this Court to deny Defendants' *Motion for a More Definite Statement* (Docket No. 7) and order that discovery be undertaken after the Litigation Plan has been finalized.

DATED: This 18th day of August, 2005.

JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone

Jason R.N. Monteleone
Attorneys for Plaintiff

**CERTIFICATE OF MAILING, DELIVERY, OR FACSIMILE TRANSMISSION**

I CERTIFY that on the 18th day of August, 2005, I caused a true and correct copy of the foregoing document to be:

| | |
|---|---|
| ❑ mailed<br>❑ hand delivered<br>☑ CM/ECF Electronic Filing<br>☑ transmitted fax machine<br>to: | Stephanie A. Fassett, Esq.<br>FASSETT LAW OFFICE<br>160 Main Avenue North<br>P.O. Box 162<br>Twin Falls, Idaho 83303-0162<br>(208) 734-8728 (facsimile) |

JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone

Jason R.N. Monteleone
Attorneys for Plaintiff