# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ISAAC HEARNE, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 05-236-S-EJL |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WELCH & ALLAN, M.D., P.A., an Idaho | ) | |
| corporation/professional association; DR. | ) | |
| ROBERT C. WELCH, M.D.; DR. SCOTT | ) | |
| E. ALLAN, M.D.; and JOHN/JANE DOES | ) | |
| I through V, whose true identities are | ) | |
| unknown, | ) | |
| | ) | |
| Defendants. | ) | |

Currently pending before the Court is Defendants' Motion for a More Definite Statement (Docket No. 7).  Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following order.

## I.

## BACKGROUND

On June 16, 2005, Plaintiff Isaac Hearne, M.D. filed a Complaint and Demand for Jury Trial against his former employer, Welch & Allan, M.D., P.A., as well as Dr. Robert Welch, Dr. Scott Allan, and John/Jane Does I through V (collectively "Defendants"), alleging four causes of action: (1) violation of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5, *et seq.*); (2) violation of the Idaho Human Rights Act (Idaho Code § 67-5901, *et seq.*); (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress.  *Compl.*, pp. 3–7 (Docket

**ORDER -1-**

No. 1).  Plaintiff contends that during his employment with Defendants, "Plaintiff was subjected to sexual harassment in Defendants' workplace."  *Id.* at ¶ XII, p. 3.

## II.

### DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

On July 27, 2005, Defendants filed the instant Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), asking the Court to order Plaintiff to amend his complaint and state his claims with more particularity.  *Defs.' Mot. More Definite Statement*, p. 2 (Docket No. 7).  Federal Rule of Civil Procedure 12(e) states as follows:

> **Motion for More Definite Statement**.  If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Rule 12(e) provides a potential remedy in the event that a plaintiff has not complied with the pleading requirements of Federal Rule of Civil Procedure 8(a), and states:

> **Claims for Relief**.  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The Ninth Circuit Court of Appeals has explained that, to comply with Rule 8, "each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie

ORDER -2-

case . . . ."  *Bautista v. L.A. County*, 216 F.3d 837, 840 (9th Cir. 2000).  Therefore, to determine whether Defendants are entitled to a more definite statement of the complaint as to those "defects complained of and the details desired," the Court must address whether Plaintiff's Complaint complies with Rule 8(a), i.e., whether it pleads a short statement of the elements of his claims, identifying the transactions or occurrences giving rise to the claim and the elements of the prima facie case.

In bringing the instant motion, Defendants point out several complained-of defects and desired details.  For example, Defendants contend that Plaintiff (1) does not provide vital information necessary for Defendants to assert affirmative defenses, such as a statute of limitations defense, (2) combines two separate claims in the first cause of action, i.e., retaliation and sexual harassment, each having different elements of their prima facie cases and neither sufficiently plead, and (3) combines two separate claims in the second cause of action and references a defendant who is not, as yet, a party to this action.  *Defs.' Mot. More Definite Statement*, p. 2 (Docket No. 7); *Defs.' Reply Supp. Mot. More Definite Statement*, pp. 2-3 (Docket No. 10).  These three defects make a more definite statement appropriate.

A.      **Sufficient Information From Which to Formulate Affirmative Offenses**

Defendants argue that Plaintiff has not stated when he was allegedly harassed or whether this alleged harassment occurred on more than one occasion and they cannot determine "whether the claim falls within the one year statute of limitations, or whether Plaintiff is claiming a continuing theory of harassment that otherwise extends the statute of limitations in this case." *Defs.' Reply Supp. Mot. More Definite Statement*, p. 2 (Docket No. 10); *see also Complaint* (Docket No. 1).

**ORDER -3-**

Defendants further assert that without time references for the alleged incidents, it would be extremely difficult, if not impossible, for them to adequately raise a statute of limitations affirmative defense in their answer.  However, at the hearing before the Court on December 14, 2005, Plaintiff stipulated that if Defendants file an Answer, Defendants will not have waived a statute of limitations defense even if not asserted therein.  Therefore, the absence of time references can no longer necessitate a Rule 12(e) more definite statement.

**B.** **Defects in First Cause of Action**

The Court concludes that Plaintiff's first cause of action should be amended before Defendants are required to file an answer.  In his first cause of action, Plaintiff alleges a violation of the Civil Rights Act of 1964, citing 42 U.S.C. § 2000e-5, *et seq*., making allegations of both sexual harassment (being subjected to improper sexual commentary by supervisors and coworkers) and retaliation.  *Compl.*, pp. 3-4 (Docket No. 1).  At the December 14, 2005 hearing, Plaintiff maintained that the reason the two claims had been combined under one cause of action was because they were both asserted pursuant to "the same statute," i.e., Title VII.  Title VII, in its entirety, contains the basis for many causes of action, including retaliation and many types of sexual harassment.  Nonetheless, Plaintiff's cause of action cites to 42 U.S.C. § 2000e-5, *et seq.*, which does not provide the grounds for both claims asserted here.  Further, neither claim was plead with sufficient information to comply with the requirements of Fed. R. Civ. P. 8(a).

**1.** **42 U.S.C. § 2000e-5, Sexual Harassment, and Retaliation**

While 42 U.S.C. § 2000e-3(a) provides grounds for a retaliation claim, 42 U.S.C. § 2000e-5 does not.  A complaint is not defective for failure to designate the statute or other provision of law violated, but a court may, in its discretion, in response to a motion for more definite statement, "require such detail as may be appropriate in the particular case."  *McHenry*

*v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  In this instant action, the Court will require Plaintiff to amend the Complaint as to the retaliation claim to designate the correct statute or other provision of law violated.

**2.     Identification of Elements of Prima Facie Case**

Neither the sexual harassment nor the retaliation claim are sufficiently plead in the first cause of action because Plaintiff has not identified all the elements of the prima facie case for either claim.

First, Plaintiff does not specify which type of sexual harassment he is alleging, e.g., whether he alleges quid pro quo sexual harassment or sexual harassment creating a hostile work environment.  In his second cause of action, Plaintiff describes "unwelcome sexual harassment creat[ing] an intimidating oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being as well as the terms and conditions of his employment." *Compl.*, ¶ XX, p. 5 (Docket No. 1).  Still, Defendants should not have to speculate or determine the nature of the claims brought against them through inferences because Fed. R. Civ. P. 8(a) requires a short and plain statement of the grounds alleged.

Second, for any claim, Rule 8(a) requires that Plaintiff "plead a short and plain statement of the elements of his . . . claim, identifying the transaction or occurrence giving rise to the claim and *the elements of the prima facie case* . . . ." *Bautista*, 216 F.3d at 840.  To make out a prima facie case of retaliation, Plaintiff must show that "(1) he engaged in a protected activity, such as the filing of a complaint alleging sexual harassment; (2) [his employer] subjected him to an adverse employment action; and (3) a casual link exists between the protected activity and the adverse action." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1188 (9th Cir. 2005).  Yet, Plaintiff has not alleged that he engaged in a protected activity.  To make out a prima facie case

**ORDER -5-**

for hostile work environment sexual harassment, Plaintiff must show "(1) that he . . . was subjected to . . . conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive as to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002) (quoting *Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir. 1991)).  In his first cause of action, Plaintiff does not mention an alteration of his employment conditions or the creation of an abusive work environment.  Therefore, Plaintiff has not identified the elements of the prima facie case for either claim, and the allegations must be made with more specificity.

### C.  <u>Defects in Second Cause of Action</u>

Plaintiff's second cause of action, violation of the Idaho Human Rights Act (I. C. § 67-5901*, et seq*.), also has several defects that require amendment.  First, Plaintiff seems to mix a claim of negligent supervision with claims of sexual harassment and retaliation.  *Defs.' Reply Supp. Mot. More Definite Statement*, p. 3 (Docket No. 10).  In that regard, the second cause of action appears to have a similar mixing-of-claims problem as the first cause of action.  Second, Plaintiff states, "Defendant Champion also violated the Idaho Human Rights Act in either knowingly or negligently allowing a sexually-charged and hostile work environment to exist and by retaliating against Plaintiff in terminating him for voicing legitimate concerns of sexual harassment in the workplace."  *Compl.*, ¶ XXIII, pp. 5–6 (Docket No. 1).  However, there is no "Defendant Champion" in this action.

### D.  <u>Conclusion</u>

In opposing the instant motion, Plaintiff has correctly noted that motions for more definite statements are not favored.  To support this notion, Plaintiff cites cases from district

courts in California, Missouri, Georgia, and Pennsylvania, to name a few. *See, e.g.,* "[b]ecause

of the many discovery procedures presently available to litigants in federal courts, district judges

should exercise their discretion sparingly in ordering more definite statements." *McSparran v.*

*H. J. Williams Co.*, 249 F. Supp. 84 (E.D. Pa. 1965). *Pl.'s Mem. Opp'n to Mot. More Definite*

*Statement,* p. 6 (Docket No. 9).

Case law from the Supreme Court of the United States and Ninth Circuit Court of

Appeals confirms that, though available as a means to clarify complaints lacking in specifics,

motions for more definite statements are not favored as means to uncover evidence that could be

obtained during discovery. *See, e.g., United States v. Students Challenging Regulatory Agency*

*Procedures*, 412 U.S. 669, 690 n.15 (1973) ("The railroads object to the fact that the allegations

were not more precise . . . .  They claim that they had no way to answer such allegations which

were wholly barren of specifics.  But, if that were really a problem, the railroads could have

moved for a more definite statement . . . , and certainly normal civil discovery devices were

available to the railroads.") (citing FED. R. CIV. P. 12(e)).

Conversely, motions for more definite statements are encouraged as tools to weed out

meritless claims and clarify insufficient complaints. *See, e.g., Galbraith v. County of Santa*

*Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (referring to *Swierkiewicz v. Sorema N.A.*, 534 U.S.

506 (2002) and noting that the Supreme Court of the United States stressed the availability of a

motion for more definite statement as a tool to weed out meritless claims); *McHenry,* 84 F.3d at

1175 (granting a motion for more definite statement when Plaintiff, in the original complaint,

had asserted causes of action against groups of defendants, without clarifying which claims were

alleged against which defendants); *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)

(directing district court to afford plaintiffs an opportunity to make a more definite statement of

**ORDER -7-**

the allegations in the complaint, which was lacking the specificity necessary to determine whether standing was appropriate).

In this instant action, a more definite statement is called for, not to force Plaintiff to disclose facts that would be later determinable through discovery, but to clarify the various causes of action alleged, i.e., (1) to sort out the first cause of action, which cites to a statute that supports only one of the two alleged claims, (2) to clarify which type of sexual harassment claim Plaintiff is alleging, (3) to assert all of the elements of the prima facie cases for the claims alleged, and (4) to address the reference to a defendant that is not a party to this action.  A more definite statement resolving these allegations will not give Defendants a head start in discovery, but will accomplish clarification of the alleged claims.  This can all be accomplished by making a short and plain statement as required by Fed. R. Civ. P. 8(a).

Accordingly, a more definite statement is appropriate in light of the aforementioned defects, i.e., (1) the mixing of claims in the first cause of action and the failure to identify the elements of their prima facie cases, and (2) the mixing of claims in the second cause of action and the misidentification of a "Defendant Champion."[1]  In light of Plaintiff's stipulation as to the non-waiver of a potential statute of limitations defense, Plaintiff's more definite statement should state the time of the incidents alleged.

---

[1] At the December 14, 2005 hearing on the instant motion, counsel for Defendants made reference to an alleged defect involving Plaintiff's request for punitive damages.  However, Defendants did not raise this alleged defect in the motion or supporting briefing.  Therefore, Defendants have not moved to have that alleged defect corrected by this motion.

**ORDER -8-**

**III.**

**ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for a

More Definite Statement (Docket No. 7) is GRANTED.  Plaintiff shall file an Amended

Complaint on or before **January 13, 2006** in order to cure the above-referenced defects.



DATED:  **January 3, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER -9-**